UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN SOMMER,

      Plaintiff,

v.                                                                     Case No: 2:14-cv-77-FtM-29CM

AUGIE MY BOY, LLC,

      Defendant.

### REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Third Amended Joint Motion for Approval of FLSA Settlement Agreement (Doc. 32, "Joint Motion"), filed on December 8, 2014.[2] Plaintiff Susan Sommer is requesting that the Court approve the parties' settlement of her Fair Labor Standards Act ("FLSA") overtime compensation claim. This case

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] The Court denied the parties' first request without prejudice because they failed to attach a copy of the settlement agreement to the joint motion. Doc. 27. The Court denied the parties' second request without prejudice because they again failed to attach a copy of the settlement agreement to the joint motion. Doc. 29. In that Order, the Court noted that because Plaintiff's attorney's fees were not negotiated separately from the overtime claim, the Court directed Plaintiff's attorney to submit detailed time sheets with any future motions. *Id* at 5. Plaintiff did so in its next Second Amended Joint Motion. Doc. 30. The Court denied the Second Amended Joint Motion without prejudice because the Court was unable to make determination as to whether the settlement amount was fair and reasonable based upon the information and documentation the parties had provided thus far. Doc. 31. In that Order, the Court noted that Plaintiff's recovery, excluding attorney's fees, would be $6,814.96, or approximately 20.5% of the amount Plaintiff sought in this case. *Id.* The Court requested additional information from the parties, including Plaintiff's responses to the Court's Interrogatories, so that the Court could determine whether the settlement was fair and reasonable.

was settled for $10,000.00, inclusive of all costs and attorneys' fees, by offer of judgment pursuant to Federal Rule of Civil Procedure 68. The offer of judgment was made by Defendant on June 26, 2014 (Doc. 32 at 4) and accepted by Plaintiff on July 2, 2014 (Doc. 32 at 7-8). For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

When a plaintiff's FLSA claim is compromised, acceptance of a Rule 68 offer of judgment does not relieve the Court of its duty to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1981). *See Baxter v. Automated Gate Sys., Inc.*, No. 6:09-cv-350-Orl-18GJK, 2010 WL 3730900 (M.D. Fla. Sept. 2, 2010) (analyzing the reasonableness of an FLSA settlement after plaintiff filed a motion for entry of judgment after accepting defendant's offer of judgment); *Kingsley v.* Noonan, No. 6:12-cv-500-Orl-22TBS, 2012 WL 5378743, at *1 (M.D. Fla. Oct. 31, 2012); *Campbell v. South Fla. Barbeque, Inc.*, No. 2:10-cv-6232-FtM-29SPC, 2011 WL 6005282, at *1 (M.D. Fla. Nov. 30, 2011); *Dowell v. Kidz R 4 UZ, Inc.*, No. 6:08-cv-651-Orl-22KRS, 2009 WL 113284, at *2 (M.D. Fla. Jan. 16, 2009); *Delgado v. Excel One, Inc.*, No. 6:07-cv-1934-Orl-22GJK, 2009 WL 1456452, at *1 (M.D. Fla. May 22, 2009). In this case, the Joint Motion states that Plaintiff's claim was compromised.[3] Doc. 32 at 1. Thus, the Court has reviewed the parties' filings in order to make a fairness finding.

---

[3] Although stricken by the Court, Plaintiff's Rule 26 Disclosure stated that she suffered damages in the amount of $15,081.54, further supporting that Plaintiff's claim was compromised through settlement. Docs. 19, 23.

To approve the settlement, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food*, 679 F.2d at 1355. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employee files suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Here, Plaintiff was an employee at Defendant's franchise store of Rita's Italian Ice, from approximately March 16, 2011 to June 30, 2013, and brings a claim for

unpaid overtime, alleging she worked in excess of 40 hours per week for which she was not compensated at time and a half. Doc. 1 at ¶ 5, 10. As a compromise of the disputed issues, the parties, through counsel, state that they have reached a reasonable compromise of the disputed issues via a Rule 68 offer of judgment, and Defendant has agreed to pay the sum of $10,000.00 for overtime wages, inclusive of attorney's fees in the amount of $3,185.04, in exchange for a release of all claims. The parties have executed a General Release and Plaintiff signed documents stating that she agreed to the settlement terms. Doc. 32 at 3, 5-6, 20.

In her Complaint, Plaintiff alleged that she was entitled to liquidated damages equal to the amount of her unpaid overtime wages. Doc. 1 at 4. Plaintiff originally calculated unpaid overtime wages and "other benefits" of approximately $15,081.54. Doc. 22. Thus, Plaintiff alleged she was entitled to $30,163.08 in overtime wages and liquidated damages. Plaintiff informs the Court, however, that she came to realize through the course of this matter that establishing the liquidated damages that she sought at trial would be difficult, if not impossible, because Plaintiff's own records were not sufficient to establish her claims. Doc. 32 at ¶ 4. Furthermore, Plaintiff states that her employer, Defendant Augie My Boy, LLC, is a small business, with very limited resources, and a large judgment against them may not have been collectable. *Id.* at ¶ 5. Thus, Plaintiff, through counsel, agreed to compromise her FLSA claim and settle for $10,000.00, which the parties state they believe is a fair and reasonable resolution of the dispute. Having reviewed the settlement documentation submitted by the parties and the reasons provided by Plaintiff for

accepting the settlement, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

With regard to attorney's fees, under the agreement, Plaintiff's counsel is to receive $3,186.04 in attorney's fees, which is one-third of the settlement agreement after costs are deducted.[4]  Doc. 32 at ¶ 6.  The parties assert that the amount of attorneys' fees were *not* negotiated separately from Plaintiff's recovery, but rather were included in the offer of judgment from Defendant.  *Id.* at ¶ 7.

Generally in FLSA cases when attorney's fees are negotiated separately from the plaintiff's recovery, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to the attorney. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Where the attorney's fees are not negotiated separately, the Court must separately review the reasonableness of counsel's legal fees. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, because Plaintiff's attorney's fees were not negotiated separately, Plaintiff has provided the Court with documentation regarding the fees incurred so that the Court may determine whether the amount is reasonable.  Doc. 32 at 11-13. *See Cabrera v. Roselea Intern. Services, Inc.*, 610-cv-241-Orl-28GJK, 2011 WL

---

[4] Plaintiff does not state this in the Joint Motion, but the Court assumes this percentage is pursuant to a contingency fee agreement.

7096634, at *3 (M.D. Fla. Dec. 30, 2011) (requiring plaintiff to submit documentation and utilizing the lodestar method to determine reasonableness in FLSA case). A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The court must exclude hours that were not reasonably expended and hours that are redundant, excessive, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. The party requesting the fee should submit documentation in support of the request. *Id.* at 433. If the documentation in support of the request is inadequate, the court may reduce the award accordingly. *Id.*

With regard to hourly rate, the burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). *See also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). The prevailing market rate in this case is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District

of Florida. *See Olesen-Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009).

In support of its request, Plaintiff submitted a time sheet of the attorneys and legal assistants that worked on this case. Doc. 32 at 2, 11-13. The time sheets detail that a total of 54.30 hours were spent on this case, and fees totaling $11,723.75. *Id.* at 13. The actual fee award agreed to at settlement, however, was $3,185.04, representing approximately one-third of Plaintiff's recovery after costs are deducted. *Id.* at 20. Thus, the average hourly rate based on this fee award is $58.67 an hour. *Id.* at 13. The Court finds that this attorney's fee award is reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED**:

1. The Parties' Third Amended Joint Motion for Approval of FLSA Settlement Agreement (Doc. 32) (Doc. 32) be **GRANTED,** and the settlement be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 29th day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record